IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| PARENTS DEFENDING EDUCATION,<br><br>*Plaintiff*,<br><br>v.<br><br>LINN-MAR COMMUNITY SCHOOL DISTRICT; SHANNON BISGARD, in his official capacity as Superintendent of Linn-Mar Community School District; BRITTANIA MOREY, CLARK WEAVER, BARRY BUCHOLZ, SONDRA NELSON, MATT ROLLINGER, MELISSA WALKER, and RACHEL WALL, in their official capacities as members of the Linn Marr Community School District School Board,<br><br>*Defendants*. | Case No. _____ |

## DECLARATION OF PARENT B

1. I live within the boundaries of the Linn-Mar Community School District ("Linn-Mar") and am the parent of a school-aged child.

2. I am over the age of eighteen and under no mental disability or impairment. I have personal knowledge of the following facts and, if called as a witness, would competently testify to them.

3. I am a member of Parents Defending Education.

4. My daughter is enrolled at Linn-Mar High School and has special needs.

5. As a parent, I am keenly aware of research showing that adolescents with special needs are more likely to assert a transgender or "non-binary" identity than neurotypical adolescents. I also know that adolescent females comprise a disproportionate percentage of school-aged children who assert transgender or "non-binary" identities.

6. Some of my daughter's special-needs classes are held in a classroom that also functions as the meeting location for the LGBT student club. The teacher in that classroom is the faculty advisor for the club. Thus, the classroom walls contain several posters with information about various gender identities, gender "social transitions," and "preferred pronouns." My daughter is extremely impressionable and often follows the lead of other students.

7. I am deeply concerned that my daughter will say or do something that will be interpreted as an assertion of a gender identity by Linn-Mar officials who do not know her as well as I do. I believe there is a substantial risk that my child will receive a Gender Support Plan or other gender-specific treatment without my knowledge or consent.

8. I want to ask the District on a regular basis whether my child has requested or been given a Gender Support Plan, whether my child has made requests or actions have been taken concerning my child's gender identity, and whether the District has any other information that would reveal my child's "transgender status." I want to receive this information without seeking "permission" from my child. Policy 504.13-R,

however, prohibits school officials from revealing any of this information to me without my child's permission.

9. I also want to exercise my fundamental right as a parent to guide my child's upbringing and to help my child navigate any issues that might arise regarding her perception of her gender identity. Under the Policy, however, I know that when these issues arise, my role will be displaced by Linn-Mar administrators. The Policy requires school officials to immediately accept and validate a child's expression of gender identity—regardless of their age or development—without questioning how the child arrived at that conclusion.

10. Moreover, my daughter's social development is far below those of neurotypical children of the same age, so it is unlikely that she will be able to understand the scope of this issue or effectively communicate her true preferences. Thus, if my daughter is assigned a Gender Support Plan or if Linn-Mar officials take other steps to "affirm" that she is transgender or "non-binary," I am highly unlikely to learn about those actions.

11. Even in the absence of a formal Gender Support Plan, my daughter is still likely to be harmed by the Policy. For example, if my daughter decides to adopt "preferred pronouns" or a "preferred" name based on suggestions from peers or teachers (whether implicit or explicit), Linn-Mar will honor my daughter's decision over my own—even though my daughter will not understand the implications of that decision.

3

12. I have repeatedly expressed my concerns with this policy, but Linn-Mar officials have refused to confirm that they will inform me about any gender-related issues that pertain to my daughter or that they will defer to my wishes as a parent. I am personally aware of several other parents of children with special needs who have expressed similar concerns.

13. After the Policy was enacted on April 25, I attempted to enroll my child in a neighboring school district, but my application was denied because the district's special-needs programs were already at capacity. Because my child requires specialized instruction, enrolling her in private school is not an option.

14. I am signing this declaration under a pseudonym because I live in Linn-Mar and, if my participation in this litigation becomes public, I fear reprisal from school officials, my child's teachers and fellow students, and members of the broader community. I also want to protect the identity and privacy of my child concerning these deeply sensitive issues.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 31 day of July, 2022

_Parent B_
Parent B