# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| PARENTS DEFENDING EDUCATION, <br><br> Plaintiff, <br><br> vs. <br><br> LINN-MAR COMMUNITY SCHOOL DISTRICT, et al, <br><br> Defendants. | No. 22-cv-78-CJW <br><br> **ORDER** |

The matter before the Court is the parties' Joint Motion to Stay Responsive Pleading and Scheduling Order Deadlines. (Doc. 37.) The parties seek to stay certain deadlines pending the resolution of Plaintiff's appeal of the Court's Order denying Plaintiff's Motion for Preliminary Injunction.

## I. BACKGROUND

On August 2, 2022, Plaintiff filed its Complaint. (Doc. 1.) On August 5, 2022, Plaintiff filed a Motion for Preliminary Injunction. (Doc. 3.) On September 12, 2022, Plaintiff's Motion for Preliminary Injunction was denied. (Doc. 28.) That same day, Plaintiff filed a notice of appeal. (Doc. 29.) Defendants' deadline to answer or otherwise respond to the complaint is October 17, 2022. The parties' deadline to file a proposed scheduling order and discovery plan is October 31, 2022.

## II. DISCUSSION

The Court has broad discretion to stay proceedings when appropriate to control its docket, making optimal use of judicial resources while weighing competing interests. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Sierra Club v. U.S. Army Corps of*

*Engineers*, 446 F.3d 808, 816 (8th Cir. 2006). The Court may grant a stay to "control its docket, conserve judicial resources, and provide for a just determination of the cases pending before it." *Contracting N.W., Inc. v. City of Fredericksburg, Iowa*, 713 F.2d 382, 387 (8th Cir. 1983) (citation omitted).

> In determining whether to stay a case, courts generally consider the following factors:
> 1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party;
> 2) whether a stay will simplify the issues in question and trial of the case; and
> 3) whether discovery is complete and whether a trial date has been set.

*CRST Expedited, Inc. v. Swift Transp. Co.*, No. 17-CV-25-CJW, 2018 WL 3966961, at *3 (N.D. Iowa Aug. 17, 2018).

Other important factors for the Court to consider are whether a stay will be "the most efficient use of judicial resources" and "whether the Court will be able to benefit from the pending decision." *Flockhart v. Synchrony Bank*, No. 17-CV-4019-MWB, 2017 WL 3276266, at *1 (N.D. Iowa Aug. 1, 2017). In *Flockhart*, the court held that a stay was appropriate because a ruling in a D.C. Circuit Court case on the definition of a term was a threshold issue that would determine the scope of discovery in the case, clarify the law, and aid the court in deciding the case, thus preserving judicial resources for a time when moving forward would be the most efficient. *Id.* at *3.

This case is at the beginning stages and deadlines have not been set. The requested stay will conserve both judicial resources and the resources of the parties. I find there is sufficient cause to stay the proceedings in this matter.

### III. CONCLUSION

For the reasons set forth herein, the parties' Joint Motion to Stay Responsive Pleading and Scheduling Order Deadlines (Doc. 37) is **granted**. This case is **stayed**

until ruling by the United States Court of Appeals for the Eighth Circuit on Plaintiff's Motion for Preliminary Injunction. Furthermore, Defendants' deadline to respond to the complaint is stayed, as is the parties' deadline to submit a proposed scheduling order and discovery plan. The Court will enter an order reestablishing these deadlines, if necessary, thereafter.

**IT IS SO ORDERED** this 21st day of September, 2022.

Mark A. Roberts, United States Magistrate Judge
Northern District of Iowa